[Civ. No. 5609.   Third Appellate District.—December 18, 1936.]

STELLA HANSON et al., Respondents, v. FRANK WECKERLE, Appellant.

Hadsell, Sweet, Ingalls & Lamb and Edwin J. Regan for Appellant.

Carter & Barrett and Daniel S. Carlton for Respondents.

PLUMMER, J.—This action is before us upon an appeal by the defendants from an order of the trial court denying his motion for judgment notwithstanding the verdict. This motion appears to have been made in the alternative in accordance with the provisions of section 629 of the Code of Civil Procedure, wherein a party to an action may move for judgment notwithstanding the verdict, and also exercise the right of moving for a new trial. In the case at bar the trial court denied the appellant's motion for judgment notwithstanding the verdict, but granted the appellant's motion for a new trial. The trial court evidently was of the opinion that the testimony warranted the submitting of the cause to the jury for determination, but that the testimony did not

justify the verdict of the jury, as it appears in the record that the order granting the new trial was, among other grounds, based upon the insufficiency of the testimony.

The record shows the following facts:

That one Alfred G. Hanson, the husband of Stella Hanson, and the father of Karl Hanson, came to his death by reason of being run over by a certain Ford truck driven and operated by the appellant on or about the 7th day of January, 1934.

The deceased and the appellant were employed by Granfield, Farrar & Carlin, contracting firm, having its camp on Little Brown's Creek near the foot of Hayfork mountain in Trinity County. About noon of the day of the accident the deceased and the defendant set out with and in a Ford truck for the purpose of conveying welding machinery from the camp to the top of the mountain. The appellant was acting as driver of the truck. There was a window in the back of the cab, but the welding machinery which was loaded on the truck obscured the view through the back window of the cab. There was no showing that either the appellant or Hanson had ever had anything to do with that particular Ford truck prior to the day mentioned. The highway from Little Brown's Creek camp to the top of Hayfork mountain appears to have been quite steep. The truck was known as a one and one-half ton truck. The welding machinery weighed about 1500 pounds. After the truck had been driven some two or three miles in the direction of the summit of the mountain, the motor began giving trouble. At first the appellant and the deceased both dismounted and worked with the carburetor, but apparently were not able to remedy the trouble. The truck would pull for a short distance and then sputter and fail. When this occurred Hanson would jump off the truck, the appellant would stop the truck with his brakes, and after it was stopped Hanson would place a block of wood behind one of the rear wheels. The appellant would then permit the truck to settle back against the block, and then attempt to clear the engine, using the choke for that purpose. When the truck would again start forward, Hanson would run and climb into the cab to the right of the appellant. This procedure was followed for a distance approximately 800 or 1,000 feet. The road being traveled was wet.

It appears that some snow had fallen previous to the undertaking of the trip by the appellant and the deceased.

The place where the accident occurred was up a rather steep incline. The engine began to sputter and Hanson jumped out of the truck. As to what Hanson did thereafter, the record is entirely silent. The engine, while appellant was working with the choke, suddenly died or ceased pulling, and the truck rolled back 5 or 6 feet. The appellant stopped the truck with his brakes, and after doing so looked out and saw Hanson a short distance back of the cab and about 3 feet from the left-hand side of the truck. Hanson was badly injured and was rolling about on the ground. From the injuries there received Hanson thereafter died.

It appears that on all occasions when the truck had stopped previous to the accident, Hanson had waited until the truck was stopped before placing the block of wood behind one of the wheels. Just how Hanson came to get under the wheels of the truck does not appear. There is some question as to whether appellant had or had not disengaged the clutch just previous to the backward movement of the truck. It does appear, however, that at all previous times, which the testimony shows to have been twenty in number, the appellant stopped the truck by the use of the brakes. The questions and answers as to this point are as follows: "Q. When you pulled out the clutch the truck rolled back, did it not? A. No. The only time it rolled back was the time of the accident. Q. Every other time you put on the brake? A. Yes, sir. Q. And it stopped? A. Yes, sir."

A witness by the name of John Rourke, county assessor of Trinity County, appears to have been driving a car of his own along the same highway, and followed the Ford truck up the Hayfork mountain grade for several hundred feet. His testimony is to the effect that when the truck had stopped, Hanson would place a block of wood behind one of the rear wheels of the truck. It appears that the purpose of placing the block of wood behind one of the rear wheels of the truck was to allow the driver of the truck to ease it back against the block and be in a better position to again start the truck forward.

The testimony of the appellant is to the effect that just before the accident in question, while the engine was sputtering, he was at work with the choke trying to keep the engine

going, when the engine suddenly stopped and the truck began rolling backwards; that he applied the brakes as quickly as possible, and stopped the backward movement of the truck before it had moved more than 5 or 6 feet; that in that movement he felt a bump of the truck; that as soon as the truck was stopped by the use of the brakes he looked out to the left-hand side of the truck and saw Hanson rolling on the ground; that he immediately climbed out of the truck, raised Hanson's head and body somewhat; that Hanson made some statement which he did not understand. The transcript shows the testimony of two witnesses to the effect that the appellant made some statement or statements in relation to the inefficiency of the brakes upon the Ford truck. The fact, however, stands out clearly in the record that the brakes were efficient, as each time previous to the accident, the truck was stopped and held by the brakes and after the backward movement had covered only 5 or 6 feet.

The record also shows that there was a bank on the right side of the truck, and that Hanson's body was found on the left side of the truck, which would apparently lead to the conclusion that there was more room for Hanson on the left-hand side of the truck to use when attempting to place the block. The record also shows that there was a slight incline to the side of the highway where the accident occurred; and it was argued that Hanson might have slipped and fallen under the truck. On the other hand, it is argued that Hanson was attempting to place the block immediately upon the stopping of the truck, and was run over in the backward movement mentioned herein. The block used by Hanson was carried on the rear of the truck, and was a small piece of wood.

The record shows, we think clearly, that the appellant knew the purpose of Hanson when he jumped from the automobile just prior to the accident, and also knew that Hanson would be somewhere in or near the rear of the same.

Upon the facts just related it is insisted by the appellant that his motion for judgment notwithstanding the verdict,—which, by the way, was in favor of the plaintiffs,—should have been granted. On the part of the respondents it is insisted that under the provisions of subdivision 4 of section 1963 of the Code of Civil Procedure a person is presumed to take ordinary care of his own concerns; that Hanson was

acting with due diligence, and was not guilty of any contributory negligence; also, that the doctrine of *res ipsa loquitur* applies.

■ A great portion of the respondents' brief is devoted to that portion of what was then the California Vehicle Act (now the Vehicle Code), relating to the operation of motor vehicles with defective brakes, and charges the appellant with negligence *per se*. However, we are of the opinion from the facts set out in the record that the brakes had held the backward movement of the automobile some twenty times previous to the accident, and likewise stopped the backward movement of the vehicle within 5 or 6 feet at the time of the accident, establishes beyond controversy the efficiency of the brakes.

■ Notwithstanding the length of the arguments both for appellant and for the respondents, there are just a few questions involved in this case, i. e., whether the appellant used due diligence in the stopping of the truck, or was negligent in not applying the brakes preceding the actual stopping of the engine and the commencement of the backward movement. In other words, from the previous use of the brakes on the truck, in stopping the same should the appellant have apprehended the immediate failure of the engine, and at the moment of stopping, had his brakes so applied as to prevent any backward movements? The testimony shows that Hanson was accustomed to block the truck when it stopped; that he was somewhere outside of the truck for that purpose at the time it stopped. Prior to the accident there had been no backward movement of the truck, and therefore he had a right to assume that when the truck stopped, it would stand stationary as on former occasions, and that the block might be immediately placed in position.

The foregoing are questions of fact for the jury and the trial court, and are not questions of law for us to decide upon this appeal. Really, there are but two vital questions, and these are: Should the appellant have had his brakes so applied when the engine stopped as to have prevented its backward movement? Or, was he taken unawares by the sudden stopping of the engine and the immediate backing of the truck? Facts presenting questions for the jury and the trial court according to their acceptance of the testimony.

■ The presumption of law that one exercises ordinary care for the safety of his own person has become so well settled

in this state that citation of authorities is unnecessary. On the other hand we do not think that the principle of *res ipsa loquitur* is applicable here. Ordinarily, when a motor vehicle is stopped on a steep grade, the tendency is to roll backward, impelled by the law of gravitation, and in the course of ordinary occurrences, would happen every time, of which anyone having common and ordinary judgment must be held to have knowledge, and the deceased must have known that unless the brakes were applied, the truck would move backward immediately after stopping.

What we have said we think determinative of the issues involved upon this appeal, and relieves us from a review of the many cases cited by the respective parties.

The order of the trial court is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 16, 1937.